All right. Our next case is Knight v. MTA-New York City Transit Authority. Thank you so much. All right. Mr. Schwartz, you have reserved three minutes for rebuttal. So that gives you seven minutes out of the gate. You may proceed. Well, let me just make sure the judges are ready. Sometimes it takes a couple of minutes to just get organized. Okay. You may proceed. Thank you, Your Honor. It's good to see the court in person. Yes. I actually showed up for an appellate argument last week in the first department. And they said, it's virtual. Come back to your office. This is not a complicated case. But it really goes to the question of exactly how does somebody plead an FLSA case when they're not aware until many years later that they're not an exempt employee? And I think that the key allegation that the district court did not talk about was paragraph 26, where the plaintiff alleges that she was not aware until the settlement of a case called Brock v. MTA. I think it was a collective action. She got a notice that she was part of a class and that there was a proposed settlement under the FLSA of overtime claims that she didn't know that she had a right to receive. Well, Mr. Schwartz, can I interrupt you, though? I mean, it seems to me that Judge Broderick, you know, had two bases to dismiss the complaint. The first is with respect to pleading hours and work weeks and whether it was sort of sufficient under Lundy in that line of cases. But the second was based on the fact that this was, you know, a municipal agency that had a compensatory hour bank policy. And it doesn't seem to me that you've appealed or challenged the second finding. Have you? It's not addressed in the brief, so I guess it isn't – I mean, it was – we appealed the judgment on it. My partner wrote the brief. But that doesn't – even that policy, which it is alleged in the complaint, that that compensated her at straight time. Because she isn't saying I wasn't paid. She was saying if I worked 45 hours, I got paid 45 hours. Well, I think the concern is that if Judge Broderick had two bases to dismiss the complaint, you've only appealed one. That means you've waived the other. And we're basically then in a position where we're affirming unless there's some reason not to deem the appeal of the second ground abandoned. But you don't offer any – I mean, this was raised in the defense briefing, not in your reply. I think that it's – Not addressed in your reply. It's – I think that that – it was not fled as a separate cause of action because what it said was that in the complaint, it said that they had this compensatory policy that you got paid, but only when you accumulated 160 hours of compensatory time. But – and it does say that that was accumulated at straight time. So the straight time question continues to be – is subsumed in the comp time. So it isn't a matter that they set up a compensatory time program that paid somebody at time and a half, one and a half hours for every hour they worked over 40. They set up a comp time program that when you got to 160, you started getting paid at straight time. So I think that it is subsumed in the straight time – in the overtime claim because whether that compensatory plan or not was allowed under the statute, which was an issue that was raised in the complaint, under the FSA, an employer – My understanding was when you got to 160, then you'd start to get paid at time and a half. Is that – am I mistaken about that? I thought that the first 160 hours of overtime were dealt with by giving comp time. And after your overtime – after your excess time exceeded 160 hours, at that point, time and a half would kick in. And my question was how – my question – excuse me, can I just finish my – and on that assumption, I don't see how your complaint alleges in a manner that would satisfy Iqbal that the plaintiff had more than 160 hours in excess over the 40 hours per week. I don't think that – Judge, I don't think that's what's alleged because the word overtime has two meanings. Overtime meaning over 35 and overtime meaning FSA overtime. So the complaint says in paragraph 24 that even the straight-time overtime pay for the 35 to 40 hours – but here it was 35 plus whatever else we were – wasn't paid until somebody accumulated 160. But then it does say that those – any of the overtime hours that they had in their policy were paid at straight time. So there were two issues. One was whether they could require someone to wait 160 hours to get their FLSA time, much less – and so she's saying that – What do you mean by FLSA time? Do you mean time and a half? It's overtime and time and a half. Yeah. And perhaps the complaint was inarticulate and should have said overtime – because the complaint gives the word overtime for anything over 35, but the FLSA only addresses anything over 40. But the complaint alleges that even the 35 to 40 hour group doesn't get paid at straight time unless the person worked – has 160 of those hours paid – 160 of those hours banked. That's not an FLSA. That in and of itself might be a claim of the New Yorker. Whichever way it is, it seems to me your complaint does not sufficiently appropriately address with supporting detail that the overtime exceeded 160 hours. No matter what – no matter how you define the overtime, there's no basis from the complaint for – there are no facts that support the proposition that the overtime exceeded 160 hours. The banking program would not even be lawful at straight time. If it was – if the FLSA would not allow an employer to bank somebody's 40-plus hours at straight time pay, it only would allow them to bank it at time and a half. So the allegation here was that – and it would only allow that under certain circumstances. The – here – and the banking wouldn't mean that you couldn't get paid. It would mean that you could have somebody take it as extra vacation time or whatever, but they'd have to get paid at time and a half. I don't think that that is the crux of the complaint. You mean that the comp time would not be one-to-one, but would be you need to have one-and-a-half to one of comp time. The program that they had was one-to-one, no matter how many hours worked. And that program in and of itself would be unlawful. I don't think that the district court got to that question because they said that that particular issue of the banking wasn't properly – wasn't clearly fled. And I think I – Well, here's what – I'm sorry to interrupt. And I know Judge Perez has a question in a minute. But on this point, Judge Broderick found, even assuming that plaintiff has raised a plausible claim that she or others similarly situated worked in excess of 40 hours in a given work week, plaintiff has not adequately pleaded a violation of Section 207 based on defendant's policy of compensating its employees in overtime hours instead of overtime pay. That's his alternate holding. And you've just admitted you're not appealing that, right? We're not appealing the fact that they – You're not appealing that portion of Judge Broderick's ruling. To the extent that he was talking about it being violative of the FLSA to have a comp time policy. But we are appealing the question whether the comp time is accumulated at an hour per hour or once you got to 40 for an hour and a half for the hours that you worked over 40. I know Judge Perez had a question. And my question is actually right on that. So I see in the complaint, you know, Appendix 9, Paragraph 16, that she worked generally 35 hours a week. And I see on Appendix 10, Paragraph 20, that when she was a test monitor, she worked between 7 and 20 hours over her normal week. So that would be 42 and 55. And I also see that on Paragraph 21 that she was a test monitor on January 21st, May 13th, May 20th, June 3rd, and June 24th. So I'm not seeing how the math works for over 40 hours on any other time period other than those five days. Can you point me to the paragraph sites that I can put together to get more than 40? This is why I opened up by pointing to Paragraph 26. And I think that that's where the plea standards come in. The plaintiff wasn't keeping records because she didn't know that she wasn't FLSA exempt until she got a notice in the BRAC case that she was part of a class of employees who were not FLSA exempt and that were entitled to overtime pay. So she remembered from her own memory certain weeks, which we think it was enough to open the door and then say, the employer had records that we could check. This is not – we're not putting a great burden on the employer. They kept a record of how many hours she worked every week. The first step in discovery would have been, please give us a printout of all the hours that she worked, that the plaintiff worked during this period. So let me ask, if I am – And I've had cases like that many times. So if I'm persuaded as to those five days, at least, that maybe there's a there there, what do I do about the statute of limitations? What do I do about the fact that those were more than two years and that you have not alleged anything suggesting she gets three years? We've alleged that it was local, which is only that she gets three years. Well, have you sufficiently alleged? I mean, you've said it. Like, where in the complaint or where in your argument can I look to to get some comfort that it was, in fact, willful? You mean to prove that they – the men picked up that word? No, the standard is a willful violation, right, in order to get the three-year. The fact that when this other case arose, the Bragg case, which had five plaintiffs, the employer included her in the class of people that were eligible for overtime means that they knew all along that she was eligible for overtime. Otherwise, she wouldn't have been included in that class. So the fact that she got – and that's why I think 26 is the key. She thought, I'm a specialist. I do this work. I'm not eligible for overtime pay. And she gets a notice saying, you're in a class of people that's eligible for overtime pay. And she's like, what? I didn't know that. And so that means the employer, on its own, notified her that she was eligible. Therefore, it knew. And that brings us into the three years. All right. I think you got your money's worth, Mr. Schwartz, but we'll still give you your three minutes of rebuttal. But now we'll hear from Mr. Fox. Thank you, Your Honors. May it please the Court, my name is Joshua Fox, and I represent MTA New York City Transit in this appeal. Judge Broderick's lawful reasoned decision should be affirmed. First, just to address that, I was prepared to address the specifics that we addressed in our brief, but I'll note we agree that the appellant has weighed the argument with respect to the lawfulness of the compensatory policy, which Judge Broderick found as an alternative basis to dismiss the complaint. Focusing on whether she actually pled over 40 hours, you haven't given work reasons. So now you're going to the first reason. You're saying they've waived the second alternative basis that Judge Broderick relied on, and that's enough, we can close the books. But while you're here, we'll talk about what happened on the first basis that Judge Broderick spent most of his time on. Correct. Okay. So Knight failed to provide sufficient specificity about the length and frequency of her alleged unpaid work such that the court could find a reasonable inference that she worked at least 40 hours in a given work week during the limitations period. She failed to provide an approximation of overtime hours worked in a given week, and beyond those plucked from the statute. Well, wait a minute. Doesn't she say that on certain weeks in 2017, she names them, Judge Perez also recited them, she worked between 7 and 20 hours of overtime. And so there's at least two hours then more than 40 and maybe as many as 15 more than 40, right? So, yeah. Your view is that they need to say more. They need to sort of say the specific hours for the specific week. They can't say it was a range. It has to be 2.6. No, Your Honor. This is a context-specific inquiry. I'm going to focus on paragraphs 20 and 21 of the complaint at the moment. But I think just to tee up the context of this complaint, and it was alluded to in the accounts argument, but there are two important factors here. The first is that she is a regular work week of 35-hour employee. Right. So she has to prove, rather than employees who work consistently 40 hours, any uncompensated time above 40 could get them over the 40-hour threshold, she has to prove, she has to allege, more than 5 hours over a single work week. Right. She said 7 to 20. Correct. She said 7 to 20 in paragraph 20, where she worked as a test monitor or an ambassador. She says between 7 and 20 hours over her regularly scheduled work day, I think she means work week. But you could assume that. So the problem with this range, and by the way, in paragraph 20, it's not tethered to any specific work week. The following complaint allegation, where she identifies 5 work weeks in 2017, she says those are weeks where she worked in excess of 40 hours in a work week. As a test monitor. As a test monitor. As a test monitor, correct. So those specific work weeks, she only alleges over 40. So even assuming that the 7 to 20 hours could be incorporated into those specific weeks, that's not enough in this context, because she doesn't Well, even assuming, that's exactly what she's saying. Let's be fair. Paragraph 20 says this is how long it takes to be a test monitor or ambassador. 7 minimum, 20 maximum. For example, this is what she did on these weeks. I think the only way to read these two paragraphs is she worked either 42 hours or she worked 55 hours. Or something in between. Okay. Understood, Your Honor. So that range of 42 to 55 is an incredibly large range that is not supported by any factual context in the complaint. She doesn't provide details about the work she did. Why does she need to provide details? I mean, it's a very simple thing. It's the number of hours that you work. If you have a job and you work more than 40, the employer has you work more than 40 hours, and you plead that, that's pleading a violation of the statute. I don't see what there is that requires you to go and say what you were doing or, you know, what the weather was outside. It's a rather cut and dry thing. I think you're hearing a discomfort on our part of you trying to minimize at least that particular fact. Do you want to move on to either explaining about the statute of limitation? Sure. I'm happy to do that. Just one note about the context, too, is that in addition to the fact that her regular working is 35 hours, she also would have to plead given the compensatory time policy that she had already banked up to 160 hours. Yes, that's a different matter. That's the one you've already said you've won. You're just trying to win twice here is what it sounds like to me. No, I'm sorry. My point in terms of the relevance of that is to prove that she was entitled to compensatory time, excuse me, to monetary compensation during a given work week, she had to allege that during these work weeks in 2017 that she had already accrued her 160 hours. No, we got that. Or she has to allege that she never agreed to this or was notified before she worked the hours. We get that. Correct. So in terms of the statute of limitations, the complaint alleges a willful violation. You disagree with the nature of the allegation that she was unaware of the fact that she was exempt or non-exempt. Judge Robert observed that the positions of test monitor or ambassador were described to her as, quote, that's at page 24 of the appendix of the decision. So her complaint alleges that she was aware of the overtime nature of those positions. And we submit that that's not enough to establish willfulness. But even if willfulness is a difficult issue on a motion to dismiss. Okay, but Judge Broderick didn't rule on statute of limitations, right? Correct. That's, I mean, so if we think that there's an additional statute of limitations problem, we'd be breaking new ground. Oh, correct, Your Honor. I was just responding to the President's question. Okay. So that wasn't really the nature of that aspect of the appeal. I'll just note as well that this is a rare appeal. We only identified three types of cases similar to here where since Lundy and Al-Qahada and DeJesus, where a district court dismissed a complaint for failure to state a claim under the Lundy standard, and the plaintiff decided to appeal, we only identified three such cases. And in each of those cases, this court affirmed the district court's decision. So I submit that. I don't know that that makes much difference. I mean, right? That might be true as an empirical matter, but we've got to look at the pleadings in each case, right? I understand. Your Honor, I just meant to underscore that this rarely happens, and for the reasons I've stated, her lack of specific allegations regarding the length and frequency of her alleged work, her failure to appeal the other alternative holding of Judge Broderick's regarding the compensatory time policy all compel dismissal of her complaint. Of course. Any additional questions? Okay, thank you very much, Mr. Fox. We'll now hear from Mr. Schwartz for three minutes. Your Honor, in some ways I thought that question, I don't think, I just reread Judge Broderick's decision. I don't think he gave that as an alternative reason for dismissing the complaint. He says, in his opinion at age 23, he says, furthermore, not furthermore, I have an alternative ground. He says, furthermore, plaintiff alleged she was required to bank 160 overtime hours, that's compensatory hours in lieu of payment, and that that was illegal. That was a separate, that's, I read that, I read that as it was a separate claim. Read the bottom of page 9 of that same opinion, which is age 24, where he says, even assuming that you pled sufficient facts to get over the 40-hour-a-week threshold, you still haven't adequately pleaded the violation of Section 207 because of the compensation or the banking. That was a second claim, which was that that banking program was illegal. So he, the judge is saying, even assuming the plaintiff had met the requirements, the pleading requirements of showing several weeks, more than 40 hours of work, she had not made out a claim that the banking program was illegal. Those are two different issues. Those are two entirely different issues. Because the FLSA allows an employer to require an employer or to set up a program to bank your overtime hours, your 40-plus hours. The FLSA, the Congress didn't care about 35 to 40. You do it every month. An employer can do it every month. But they said that in the time of a 40, an employer doesn't have to pay you. They can set up a program. No, we know what the statute says. The complaint says there's two causes of action, a federal cause of action and a state. The federal is a violation of Section 207. And 207 has a couple of parts to it. And Judge Broderick found that there's a failure here to plead 207 because of inadequate facts with respect to number of hours worked, which might be problematic, might not. And because in any event, the complaint itself talks about the hourly compensation or in lieu of banking policy that the agency has under 207-0. And that's an independent basis to dismiss the first cause of action, right? No, but it's in the complaint. I mean, the facts alleged in the complaint, Judge Broderick concluded, supported a finding that there's no violation because of the 207-0 exception. That's his finding. And you haven't appealed it. He might have been wrong. Maybe, I mean, if we got to the merits of it, maybe he would be wrong on that. But you haven't briefed it. You haven't even raised it. In the first cause of action, it simply says defendant has violated and continues to violate 207-A1 by failing or refusing to compensate plaintiff at a rate not less than one-and-a-half times the regular rate of pay for plaintiff and those who are employed therein. That's the claim in the lawsuit, which is why we didn't address the legality or non-legality. All right. Let me just see if anybody has other questions since we're over. Seeing none, we will reserve decision. Thank you both.